IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARK AUDWIN BROWN, JR., <br> TDCJ #1275549, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-05-0810 |
| CLASSIFICATION DEPARTMENT, <br> MONTGOMERY COUNTY JAIL, | § § § § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER ON DISMISSAL**

State inmate Mark Audwin Brown, Jr., has filed this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Brown proceeds *pro se* and *in forma pauperis*. At the Court's request, Brown has supplied a more definite statement of his claims. After reviewing all of the pleadings as required by 28 U.S.C. § 1915A(a), the Court concludes that this case must be **dismissed** for reasons that follow.

**I.     BACKGROUND**

Brown is presently incarcerated in the Texas Department of Criminal Justice ("TDCJ"). Prior to his incarceration in TDCJ, Brown spent approximately one month in custody of the Montgomery County Jail following his conviction for a state jail felony offense. Brown sues the Classification Department of the Montgomery County Jail under 42 U.S.C. § 1983, alleging that one or more unidentified officials were deliberately indifferent to his health and safety by mistakenly classifying him as an aggravated

offender.

The pleadings disclose that Brown was admitted to the Montgomery County Jail on December 3, 2004, following his conviction for burglary of a building. On or about December 4, 2004, Brown was classified as an aggravated or "high risk" offender because of his prior criminal record. In particular, Brown reports that the classification officer mistakenly believed that he had a prior conviction for "deadly conduct" involving a firearm, which is considered an aggravated offense. As a result of this mistaken classification, Brown complains that he was placed in a "maximum" security cell and made to wear a "red band" identifying him as a high risk inmate. "[A]bout a week" after his arrival at the Jail, Brown filed a grievance objecting to his custodial classification. After he received no immediate response, Brown filed another grievance on December 27, 2004. Brown received a response on December 31, 2004, which repeated that the reason for his classification was the presence on his criminal record of a conviction for deadly conduct. Shortly thereafter, on January 6, 2005, Brown was transferred from the Montgomery County Jail to TDCJ.

Brown maintains that his treatment by the Montgomery County Jail Classification Department violated his rights under the Eighth Amendment. Brown seeks damages in an unspecified amount. The Court concludes, however, that Brown's complaint must be dismissed for reasons discussed below.

## II. STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the

"PLRA").  Because the plaintiff is a prisoner who proceeds *in forma pauperis*, the PLRA requires that the district court scrutinize the basis of the complaint and, if appropriate, dismiss the case at any time if the court determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915A(b).  In conducting that analysis, a prisoner's *pro se* pleadings are reviewed under a less stringent standard than those drafted by attorneys and are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them.  *See Haines v. Kerner*, 404 U.S. 519 (1972); *Alexander v. Ware*, 714 F.2d 416, 419 (5th Cir. 1983).

   A complaint "may be dismissed as frivolous if it lacks an arguable basis in law or fact. A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).  A review for failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir.) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)), *cert. denied*, 537 U.S. 1049 (2002).  Under that standard, courts must assume that the plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.  *See id*. (citations omitted).

### III.  DISCUSSION

Brown complains that he was erroneously classified by Montgomery County Jail officials as an aggravated offender and housed accordingly in a "maximum" security portion of the facility.  As noted above, Brown was admitted to the Jail after having been convicted of burglary of a building.  Brown concedes that he has several prior convictions, including state jail felony convictions for possession of a controlled substance and evading arrest.  He also has at least four prior misdemeanor convictions for possession of marijuana, failure to identify, driving with a suspended license, and criminal trespass.  As Brown observes, however, none of these convictions involved a weapon or constituted an "aggravated" offense.  Brown argues that the mistaken classification decision violated his rights under the Eighth Amendment because officials at the Jail were deliberately indifferent to his health and safety.

Prison inmates ordinarily have no protected constitutional interest in their custodial classification.  *See Whitley v. Hunt*, 158 F.3d 882, 889 (5th Cir. 1998) (citing *Wilson v. Budney*, 976 F.2d 957, 958 (5th Cir. 1992); *Moody v. Baker*, 857 F.2d 256, 257-58 (5th Cir. 1988)).  In that regard, the classification of prisoners is a matter vested within the discretion of prison officials.  *See Whitley*, 158 F.3d at 889 (citing *McCord v. Maggio*, 910 F.2d 1248, 1250 (5th Cir. 1990)).  In Brown's case it appears that the classification decision made by jail officials was mistaken, and not intentional.

Even assuming that there was an abuse of discretion concerning Brown's classification, the complaint fails to state an actionable claim.  Brown alleges that, as a

result of his classification, he was "demoted" in "character" and "stereotyped" by being forced to wear a "red band" identifying him as "high risk." Brown was further placed in a maximum security "lock-down" environment with other aggravated offenders. As a result of his classification, Brown claims that he became "very depressed" and "stressed-out," causing him to have "suicidal" thoughts. Although Brown also details a loss of sleep and appetite during the thirty days he spent at the Montgomery County Jail, he does not allege that he suffered any physical harm or injury.

To the extent that Brown seeks monetary damages for mental or emotional anguish in this case,[1] the Prison Litigation Reform Act, codified as amended at 42 U.S.C. § 1997e(e), places the following limitation on a plaintiff's ability to recover:

> No Federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility for mental or emotional injury suffered while in custody without a prior showing of physical injury.

Absent a physical injury, § 1997e(e) bars a prisoner's request for monetary damages. *See Herman v. Holiday*, 238 F.3d 660, 665-66 (5th Cir. 2001). Because Brown has not alleged or shown that he suffered the requisite physical injury, he has failed to state a claim for which relief can be granted.

IV. **CONCLUSION**

---

[1] Any conceivable claim for injunctive relief is moot because Brown is no longer incarcerated in the Montgomery Jail. *See, e.g., Oliver v. Scott*, 276 F.3d 736, 741 (5th Cir. 2002) (observing that the transfer of a prisoner out of an institution often will render his claims for injunctive relief moot unless the alleged constitutional violations are "capable of repetition yet evading review."); *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001) (finding that an inmate's transfer rendered his conditions-of-confinement claims for declaratory and injunctive relief moot).

Based on the foregoing, the Court **ORDERS** as follows:

1. The plaintiff's complaint is **DISMISSED** with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim.

**The Clerk is directed to provide copies of this order to the parties; to the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159; and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Betty Parker.**

SIGNED at Houston, Texas, on <u>April 29</u>, 2005.

_____
Nancy F. Atlas
United States District Judge